them with parental attention, as long as they belong to the ship; and he has no right to delegate his authority or custody to gaolers and turnkeys in a foreign country.

Verdict, guilty.

## Case No. 16,206.

### UNITED STATES v. RUM RIVER & M. BOOM CO.

[See 3 Fed. 552.]

## Case No. 16,207.

### UNITED STATES v. RUMSEY.

[5 Int. Rev. Rec. 93.]

District Court. D. New Jersey. 1867.

VIOLATION OF INTERNAL REVENUE LAWS—FRAUDULENT RETURNS—INDICTMENTS—EVIDENCE—PREVIOUS TRANSACTIONS.

[1. Where indictments are found, under the act of June 30, 1864 (13 Stat. 223), both for making false returns (under section 15) and for perjury (under section 42), the district attorney cannot proceed upon both indictments, but must elect between them.]

[2. On the trial of an indictment against a manufacturer for making false and fraudulent returns for a given month, it is competent to show, for the purpose of proving the fraudulent intent, that in previous months defendant made false returns.]

This was an indictment for disclosing and delivering to an assistant assessor a false and fraudulent return of manufactures, under section 15 of the act of June 30, 1864. The trial was begun on the 21st of February last, at Trenton, and terminated in the conviction of the defendant on the 8th of March, having continued more than two weeks. The case has exhibited almost all forms of opposition to the execution of the internal revenue laws, and therefore a brief statement of the various proceedings connected with it will be of interest. The defendant was a manufacturer of clothing in Salem, New Jersey, and carried on, in connection with it, an extensive dry goods business. Up to May, 1866, he had returned to the assessor manufactures amounting only to about $300 per month. It was believed that his actual sales were more than ten times that amount, and in May last, a revenue inspector, Mr. Wm. H. Van Nortwick, was sent to investigate his affairs. He examined the books and clerks, and became satisfied that great frauds had been committed. After examining the books and making abstracts for one day, he found that about 60 pages had been cut out during the night, with the evident design to conceal the amount of sales. The collector at once seized the store and books, and reported the case to the district attorney. Before information was filed, Rumsey obtained from the state court of chancery an injunction restraining the collector from withholding possession of the store and books, and, under cover of this process, he took possession of the store by duplicate keys, and carried off the books from the collector's office by strategem. He also sued the collector and inspector in an action of trespass, in the state court, laying his damages at $20,000. The United States district attorney, regarding the seizure as complete, and possession of the property involuntarily abandoned by the collector, filed an information, issued process, and directed the marshal to take possession of the property. He also immediately removed the suit in chancery, and the action at law into the United States circuit court. The marshal took possession of all the stock and materials of the clothing manufacture, and on application of Rumsey, appraisers were appointed, and a bond was given for the appraised value of the property, Rumsey still retaining the books. Shortly after the issuing of the injunction, Rumsey obtained from the chancellor an order for the collector to show cause why an attachment should not be issued to punish him for a breach of the injunction, which the collector had refused to obey. Testimony was taken ex parte under this order, and the motion for attachment was made after the removal of the cause. The district attorney insisted that the chancellor had no power to take any further proceeding, and Rumsey's counsel urged that the attachment for a breach before removal was not a further proceeding in the cause, but only a punishment of the individual for contempt committed while the case was in the power of the court. The argument was delayed and the motion was not afterwards pressed. Meanwhile the assessor had summoned Rumsey to appear and produce his books, but acting under the decision of Judge Smalley, his counsel caused the books to be torn in two, and produced only the fragments relating to the last month's business, denying the right of the assessor to examine into any transactions for which returns had been already made. The district attorney then applied to Judge Field for an attachment under section 14, to compel the production of the books. The attachment was issued, and on its return, after some delay, the judge made an order that the books should be produced. They were, however, not actually examined by the assessor, he having in the meantime made an assessment of $6,000 for taxes withheld. In June, 1866, the case was brought before the grand jury, before whom Rumsey's clerks and employees were summoned, and eight indictments were found; three for false returns under section 15, four for perjury under section 42, and one for forcibly obstructing the collector under section 38, of the act of June 30, 1864. Motions were then made to quash these indictments, and the argument was postponed to September term. At that term four additional indictments were found, and motions to quash were also made as to these. After elaborate argument these motions were overruled, and the indictments set